UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                              No. 02-4359

CESAR GARCIA CAZUN,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-99-93-PJM)

Submitted: February 20, 2003

Decided: March 10, 2003

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Richard C. Bittner, LAW OFFICES OF RICHARD C. BITTNER,
Glen Burnie, Maryland, for Appellant. Thomas M. DiBiagio, United
States Attorney, Sandra Wilkinson, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Cesar Garcia Cazun is a citizen of El Salvador. The Baltimore office of the Immigration and Naturalization Service (INS) received information from the Maryland Motor Vehicle Administration (MVA) that someone using the name Garcia had applied for a driver's license, providing an address in Silver Spring, Maryland. INS agents determined that the resident alien card provided to the MVA in the name "Garcia" belonged to Cesar Garcia Cazun.

Agents obtained a photograph of Cazun from his file and went to the Silver Spring address. Agents, speaking in Spanish, identified themselves as INS agents and asked the Hispanic male who answered the door if they could come inside. The man allowed them to enter, whereupon the agents asked the four or five people in the living room if any of them actually lived in the apartment. A woman identified herself as a resident, and granted the agents permission to search the apartment for Cazun. He was found in the bathroom and taken into custody.

At a suppression hearing, the district judge found the agents' testimony as to this incident to be credible. He concluded that the agents had permission to enter the apartment, and, although the individual may not have had authority to allow that entry, the agents acted in the good faith belief that they had valid consent. Cazun was found guilty of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) (2000).

On appeal, Cazun asserts that the entry and search violated his Fourth Amendment rights because the agents did not determine whether the person who allowed them to enter the apartment had authority to do so.

The Government can justify a warrantless search by showing permission to search by "a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock*, 415 U.S. 164, 171 (1974). Authority to consent arises from mutual use of the property by those with joint access or control, so that a cohabitant would recognize the risk that another might allow a common area to be searched. *Trulock v. Freeh*, 275 F.3d 391, 403 (4th Cir. 2001).

The Fourth Amendment is not "violated when officers enter without a warrant because they reasonably (though erroneously) believe that the person who has consented to their entry is a resident of the premises." *Illinois v. Rodriguez*, 497 U.S. 177, 186 (1990). "[W]hat is at issue when a claim of apparent consent is raised is not whether the right to be free of searches has been waived, but whether the right to be free of unreasonable searches has been violated." *Id.* at 187. *See United States v. Kinney*, 953 F.2d 863, 866-67 (4th Cir. 1992) (regarding apparent authority to consent to search of locked closet).

Under *Rodriguez*, a court must assess whether the facts available to the agents at the time would justify a reasonable person to believe the consenting party had authority to allow entry. We conclude that the district court was not clearly erroneous in accepting the facts as presented by the Government. These facts justified a reasonable person to rely on the apparent authority of the individual at the door to allow entry into the apartment.

Accordingly, we conclude that the district court did not err in denying Cazun's motion to suppress. We affirm Cazun's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*